UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
CHAN AH WAH and LIM CHEOK KEE                               :
WILLY,                                                      :
                                                            :
                                                            :    13 Civ. 4789 (JPO)
                         Plaintiffs,                        :
             -v-                                            :    OPINION AND ORDER
                                                            :
HSBS BANK PLC and HSBC PRIVATE BANK                         :
(SUISSES) S.A.,                                             :
                                                            :
                         Defendants.                        :
-------------------------------------------------------------X

J. PAUL OETKEN, District Judge:

   Plaintiffs Chan Ah Wah and Lim Cheok Kee Willy are a husband and wife who allege that they lost their savings due to poor financial advising from their bankers. Proceeding *pro se*, Plaintiffs sue Defendants HSBC Bank PLC ("HSBC Bank") and HSBC Private Bank (Suisse) S.A. ("HSBC Singapore") on various state law theories including fraud, breach of fiduciary duty, and breach of contract. Defendants move to dismiss the Complaint based on, among other deficiencies, Plaintiffs' failure to establish subject matter jurisdiction. For the reasons that follow, that motion is granted.

I.   **Procedural Background**

   Plaintiffs filed this case on July 10, 2013. (Dkt. No. 1 ("Complaint").) No affidavit of service was ever filed. On November 21, 2003, Defendants moved to dismiss the Complaint. (Dkt. Nos. 5-9.) All of Defendants' moving papers were served on Plaintiffs at their registered address (Dkt. No. 9 (Affidavit of Service).) However, as of the date of this Order, Plaintiffs have neither opposed that motion nor requested an extension of time to file an opposition. In fact, since filing the Complaint, Plaintiffs have not made any further filings in this case.

1

**II.     Discussion**

Defendants have moved to dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(1) because Plaintiffs failed to plead an adequate basis for federal subject matter jurisdiction.  On a motion to dismiss, courts generally "must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff."  *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008), *aff'd*, 561 U.S. 247, 247 (2010) (internal quotations omitted).  Furthermore, "[i]t is well established that a court is ordinarily obligated to afford a special solicitude to *pro se* litigants."  *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010).  Despite the lenience in these general standards, however, subject matter jurisdiction is different: "jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it."  *Morrison*, 547 F.3d at 170 (quoting *APWU v. Potter*, 343 F.3d 619, 623 (2d Cir. 2003)).  Therefore, if the Complaint does not adequately establish subject matter jurisdiction, the Court must dismiss this case.

The Complaint states two grounds for federal subject matter jurisdiction: diversity jurisdiction under 28 U.S.C. § 1332 and federal question jurisdiction under 28 U.S.C. § 1331.  With regard to diversity jurisdiction, the Second Circuit has long held "that the presence of aliens on two sides of a case destroys diversity jurisdiction."  *Corporacion Venezolana de Fomento v. Vintero Sales Corp.*, 629 F.2d 786, 790 (2d Cir. 1980), *cert. denied*, 449 U.S. 1080 (1981).  Plaintiffs' allegations that HSBC Bank is headquartered in London and that HSBC Singapore is headquartered in Singapore are sufficient to establish Defendants' alienage.  Complaint at 2; *see also Bayerische Landesbank, New York Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 51 (2d Cir. 2012) ("Every corporation is now treated for diversity purposes as a citizen of both its state of incorporation and its principal place of business, regardless of whether such place is

foreign or domestic."). Plaintiffs fail to plead their own citizenship or alienage status in the Complaint. Instead, Plaintiffs aver their states of residency, which are irrelevant absent United States citizenship. *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 103 (2d Cir. 1997) ("[A]llegations of residency alone cannot establish citizenship."). Therefore, the Complaint fails to meet Plaintiffs' "burden of demonstrating that the grounds for diversity exist and that diversity is complete." *Advani Enters., Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 160 (2d Cir. 1998) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) (1806)).

Next the Court turns to whether Plaintiffs have established federal question jurisdiction. The Complaint asserts that "[t]his Court has jurisdiction pursuant to Title 28 USC § 1331 . . . because [of] . . . § 10(b) of the Security Exchange Act of 1934." (Complaint at 1.) However, §10(b) is not mentioned anywhere else in the Complaint. Federal question jurisdiction is available "only when the plaintiff's statement of his own cause of action *shows* that it is based upon [federal] laws or th[e] Constitution." *Louisville & N.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908) (emphasis added). Here, the Complaint—which makes no further mention of §10(b), does not allege any violation of §10(b), and does not allege facts from which a §10(b) violation could be inferred—does not show that Plaintiffs' cause of action is based upon §10(b). Merely invoking the existence of some federal statute, without presenting facts or alleging a claim related to that statute, does not establish federal question jurisdiction.[1] Rather, as summarized in

---

[1] The Court is not proposing to collapse the Rule 12(b)(6) merits inquiry into the Rule 12(b)(1) jurisdictional evaluation. *See* Fed. R. Civ. Pro. 12(b). In other words, this Court is not making its jurisdictional finding based on whether Plaintiffs have set forth a plausible claim for relief under §10(b) of the Security Exchange Act of 1934. Federal courts retain jurisdiction to dismiss cases even when the federal claims in those cases are not plausibly pleaded. Rather, this Court is observing that, as a threshold matter, federal jurisdiction is not triggered where Plaintiffs merely

the first paragraph of the Complaint, this is an action for state law claims only: specifically, for "breache[s] of contract, fraudulent actions, omissions and misrepresentations, breaches of fiduciary duties, negligent supervision and respondeat superior." (Complaint at 1.)

Accordingly, federal jurisdiction is lacking under both the diversity rationale and the federal question rationale.[2]

### III. Conclusion

For the foregoing reasons, Defendants' motion to dismiss (Dkt. No. 5) is granted and this case is hereby dismissed without prejudice. Plaintiffs are granted leave to replead their claims provided that they are able to establish federal subject matter jurisdiction.

The Clerk of the Court is directed to terminate the motion at docket number 5 and close this case.

SO ORDERED.

Dated: June 2, 2014
New York, New York

_____
J. PAUL OETKEN
United States District Judge

Copies mailed to Pro Se party on June 2, 2014

---

invoke the existence of a statute without attempting to assert a claim, however implausible, for relief under that statute.

[2] The lack of federal subject matter jurisdiction is dispositive as a gateway inquiry in this case; therefore, the Court will not address Defendant's further arguments regarding personal jurisdiction and service.